Louis J. Capozzoli, J.
The plaintiff has brought an action seeking to invalidate a resolution of the stockholders of the corporate defendant authorizing disposition of the assets of the corporation on such terms as defendant directors shall determine and also asks a temporary injunction restraining defendants'from acting pursuant to the above-mentioned resolution.
The basis of the plaintiff’s claim is that the resolution adopted by the stockholders does not comply with the requirements of section 20 of the Stock Corporation Law. It is the plaintiff’s contention that the stockholders cannot give advance consent in general terms to a disposition of the corporate assets on terms to be determined by the directors and that they may only give their consent provided that a particular transaction on described terms is submitted to them.
It was argued by the moving party that this is a case of first impression and no previous court has passed upon the specific point involved. However, in Matter of Timmis (200 N. Y. 177) *598 the resolution adopted by the votes of the holders of more than two thirds of the capital stock authorized the board of directors “ to ‘ sell the g-ood will, business, assets and property of what is known as its calendar department, the same being and constituting a separately conducted department of its business, upon such terms and for such consideration ’ as the directors should prescribe.” In considering the question of whether a stockholder who voted against the resolution was entitled to an appraisal of the value of his stock, the court held that the resolution was valid in that it complied with the provisions of then section 16, the predecessor to our present section 20. The resolution considered by the court in Matter of Timmins (supra) is strikingly similar to the resolution involved in the case at bar. Under the circumstances, this court must hold that Matter of Timmis (supra) is binding authority for the proposition that the resolution in the case at hand is valid and proper.
A careful reading of the papers in this proceeding convinces the court that the plaintiff has failed to sustain the burden of establishing her undisputed right to the drastic relief of a temporary injunction.
Were this court to adopt the view urged by the plaintiff it would be tantamount to requiring that each transaction be submitted to the stockholders for approval, in which case it would either deprive the corporation of an advantageous sale or impose upon it tremendous inconvenience and expense.
The directors are under a duty not to waste the corporation’s assets in carrying out the stockholders ’ authorization and, should they do so, they are accountable to the corporation and stockholders in a proper action.
In view of the above, the motion of the plaintiff for a temporary injunction is denied and the cross motion of the defendants for judgment dismissing the complaint, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, is granted.